**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **CARL L. DWORMAN** | } | **CA 06 10T** |
| **Plaintiff** | } | |
| **v.** | } | **C.A. No.** |
| **PRUDENTIAL SECURITIES, INC. n/k/a Prudential Equity Group, LLC.** | } | |
| **Defendant** | } | |

**PETITION TO VACATE ARBITRATION DECISION/AWARD**

1. Plaintiff Carl L. Dworman ("Dworman") is a resident of the State of Rhode Island.

2. Defendant, Prudential Securities, Inc. n/k/a Prudential Equity Group, LLC. ("Prudential") is a brokerage company doing business in Rhode Island.

3. On or about December 30, 2003 Dworman filed a claim against Prudential with the National Association of Securities Dealers ("NASD") pursuant to the NASD Code of Arbitration Procedure for breach of contract and breach of fiduciary duty.

4. In his statement of claim filed with the NASD, Dworman alleged that in November 1989, while a resident of Rhode Island, Dworman appointed Prudential to serve as custodian of his IRA account under the terms of a self-directed custodial account

agreement; in March 1998 Dworman instructed Prudential to buy $30,000 of AOL stock and $10,000 of WCOM stock in his IRA account; and that Prudential failed and refused to abide by Dworman's instructions to purchase said stock, in violation of it contractual and fiduciary obligations owed to Dworman, causing him to suffer substantial monetary damages.

5. On information and belief, the singular reason for Prudential's refusal to honor Dworman's instructions to purchase the AOL and WCOM stock was a Rhode Island Family Court Order (which Prudential received from the lawyer for Dworman's ex-wife who had no interest in the account) which was not binding on Prudential and which did not prevent any intrapecuniary exchanges of cash for stock within Dworman's IRA account.

6. A three member arbitration panel was selected to hear Dworman's Complaint pursuant to a submission agreement which is Exhibit A hereto.

7. The arbitration panel scheduled a hearing on the merits for April 26, 2005. When Dworman requested a postponement of the hearing because it conflicted with his observance of Passover, a Jewish religious holiday, the panel granted the request but assessed a postponement penalty against Dworman of $1500, which the panel later refused to vacate.

8. The matter was subsequently rescheduled for hearing to take place on November 1, 2005.

9. On or about October 11, 2005, less than 3 weeks before the scheduled hearing, Prudential filed a motion with the arbitration panel to compel Dworman to produce voluminous documents wholly irrelevant to the narrow issue in this case, including but not limited to his personal and business tax returns, all filings in his divorce proceeding, financial statements, and documents relating to other brokerage accounts he may have.

10. Dworman objected to Prudential's last minute motion, pointing out that the sole issue in the case was the propriety of Prudential's actions relative to a single Family Court Order and nothing more, and, that none of the documents were needed to determine such issue.

11. Despite Dworman's objection, on October 24, 2005 the arbitration panel ordered Dworman to produce all documents requested by Prudential within 2 days (by October 26, 2005).

12. On October 26, 2005, Dworman informed the arbitration panel that he wanted to seek review of its discovery order and to also seek removal of the panel, which had repeatedly demonstrated bias against Dworman, and, requested an adjournment of the November 1, 2005 hearing.

13. The arbitration panel flatly rejected Dworman's request for an adjournment.

14. On or about December 8, 2005, NASD mailed a decision of the arbitrators to Dworman's counsel, whereby the panel dismissed Dworman's claims, ordered Dworman to pay Prudential's legal fees in the amount of $31,758.86, and, ordered Dworman to pay the NASD $3750 in fees. A copy of the decision/award of the arbitrators is Exhibit B hereto.

15. Based on the actions of the arbitration panel, as aforesaid, Dworman avers that pursuant to 9 U.S.C. § 10 the decision of the panel should be vacated because:

i. there was evident partiality on the part of the arbitrators;

ii. the arbitrators were guilty of misconduct in refusing to postpone the hearing despite sufficient cause having been shown;

iii. the arbitrators grossly exceeded their powers in ordering the production of voluminous, wholly irrelevant documents within 2 days, pursuant to a request made by Prudential just prior to the scheduled hearing; and

iv. the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

WHEREFORE, plaintiff Carl Dworman requests that this Honorable Court enter Judgment vacating the decision of the NASD arbitration panel in its entirety and ordering that a new arbitration panel hear the merits of Dworman's complaint against Prudential.

By His Attorney,

**Joseph R. Palumbo, Jr.**
**R.I. Bar No. 0405**
294 Valley Road
Middletown, Rhode Island 02842
Tel: (401) 846-5200
Fax: (401) 848-0984
Email: joseph@palumbolaw.net