UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CARL L. DWORMAN,<br><br>Plaintiff,<br><br>v.<br><br>PRUDENTIAL SECURITIES, INC.<br>n/k/a Prudential Equity Group, LLC,<br><br>Defendant. | ) | C.A. 06-10T |

DEFENDANT'S RESPONSE TO
PLAINTIFF'S FILING ON ORDER TO SHOW CAUSE

This action should be dismissed. The parties, by and through counsel, agreed that this action would be dismissed with prejudice and that defendant Prudential would not pursue any collection activity on the arbitration decision in its favor. A copy of the settlement agreement sent by New York counsel for defendant to trial counsel for plaintiff is attached as Exhibit A. As a result of the settlement, there was no need for defendant to file any answer and no expectation that plaintiff would move forward in any way with this action. A dismissal for lack of prosecution is appropriate and would effectuate the agreed upon intent of the parties to have this action dismissed. Defendant therefore requests that the Court dismiss this action.

PRUDENTIAL SECURITES, INC.

By its attorneys,

Robert D. Fine, Esq. (#2447)
Douglas J. Emanuel, Esq. (#5176)
Chace Ruttenberg & Freedman, LLP
One Park Row, Suite 300
Providence, RI 02903
Phone: (401) 453-6400
Fax: (401) 453-6411

Dated: September 19, 2007

CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of September, 2007, I electronically filed the foregoing Defendant's response to plaintiff's response to order to show cause with the Clerk of this United States District Court of the District of Rhode Island and that the following participants received notice electronically:

Joseph R. Palumbo, Jr., Esq.
294 Valley Road
Middletown, RI 02842

# SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release hereinafter "Agreement" is entered into by and between Carl L. Dworman, individually and in all other fiduciary, trustee or representative capacities (hereinafter "Claimant"), and Prudential Equity Group, LLC f/k/a Prudential Securities, Inc. hereinafter, "PEG". (Claimant and PEG are collectively referred to herein as the "Parties").

WHEREAS, an arbitration award was issued by an NASD Dispute Resolution, Inc., arbitration panel in the matter of Carl Dworman v. Prudential Securities Incorporated n/k/a Prudential Equity Group, LLC, NASD Case Number 04-00047 (the "Arbitration Award") whereby Claimant's claims were denied in their entirety and PEG was awarded $31,758.86 plus interest at a rate of 6% per annum in attorney fees; and

WHEREAS, PEG filed a Complaint to confirm the Arbitration Award before the Superior Court, Commonwealth of Massachusetts, captioned Prudential Equity Group, LLC v. Carl L. Dworman, Docket No. 06-0201 (the "Massachusetts Action"); and

WHEREAS, Claimant filed a Petition to Vacate Arbitration Award before the United States District Court of Rhode Island, captioned Carl L. Dworman v. Prudential Securities, Inc. n/k/a Prudential Equity Group, LLC, case No. CA 06 10 (the "Rhode Island Action"); and

WHEREAS, the Parties desire to settle all Claims, controversies and differences between them, including, without limitation, those related to the maintenance of Claimant's accounts at PEG, the transactions in those accounts, all events that occurred in connection with those transactions, as well as the Rhode Island and Massachusetts Actions;

NOW, THEREFORE, in consideration of mutual promises set forth herein, it is agreed as follows:

1. **Release.** Claimant hereby remises, releases and forever discharges PEG, its present and former parents, affiliates, subsidiaries, predecessors, successors, and related entities, its present and former officers, directors, shareholders, employees, partners, attorneys, affiliates, representatives, spouses, trustees, and agents, and each of such persons' heirs, successors, assigns, executors, administrators, and beneficiaries, of and from any and all claims (including claims for costs and attorneys' fees), damages, demands, suits, debts, actions or causes of action of any kind, whether known or unknown, suspected or unsuspected, that Claimant or Claimant's executors, administrators, successors, beneficiaries or assigns, or any of them, ever had or may now or hereafter own, hold, have or claim to have by reason of any matter, cause or thing whatsoever from the beginning of the world to the day of the date of this Release.

EXHIBIT A.

2. **Unknown Claims.** It is possible that other injuries or damages not now known to Claimant will develop or be discovered, and this Agreement is expressly intended to cover and include all such injuries or damages, including all rights of action relating thereto.

3. **Entry of Dismissal by Claimant.** Claimant will dismiss with prejudice the Rhode Island Action within two (2) days of the receipt by PEG of a fully executed copy of this agreement.

4. **Entry of Dismissal by Respondent.** PEG will dismiss with prejudice the Massachusetts Action within two (2) days of its receipt of a fully executed copy of this agreement.

5. **Certification.** Claimant hereby affirms that he has no other pending lawsuits, actions, claims or arbitrations against PEG.

6. **Attorneys' Fees and Costs.** Each Party will bear its own expenses, including any costs or attorneys' fees incurred in connection with the Rhode Island and Massachusetts Actions, and the negotiation and execution of this Agreement.

7. **Applicable Law.** This Agreement shall be construed, interpreted, governed, and enforced in accordance with the laws of the State of New York.

8. **Entire Agreement.** This Agreement constitutes the only existing and binding agreement of settlement among the Parties, and the Parties acknowledge that there are no other warranties, promises, assurances or representations of any kind, express or implied, upon which the Parties have relied in entering into this Agreement, unless expressly set forth herein. This Agreement shall not be modified except by written agreement signed by the party against whom modification is sought.

9. **Parties Affected.** This Agreement shall be binding upon and inure to the benefit of the officers, directors, shareholders, employees, partners, attorneys, affiliates, representatives, spouses, trustees, heirs, successors, and assigns of the Parties.

10. **Warranty.** Each party warrants (a) that the person executing this Agreement on its behalf has the authority to do so; and (b) that the matters being released pursuant to this Agreement have not been assigned or otherwise transferred to any other person or entity.

11. **Acknowledgment of Terms.** The Parties have read and understand the terms of this Agreement, have consulted with their respective counsel, and understand and acknowledge the significance and consequence of each such term.

12. **Representation by Counsel.** The Parties hereto agree that they enter into this Agreement after having received full advice from counsel of their choice with respect to this Agreement and all other matters related thereto.

13. **Execution of Documents.** This Agreement may be executed in counterparts, that is, all signatures need not appear on the same copy. All such executed copies shall together constitute the complete Agreement.

14. **Confidentiality.** The Parties agree that, other than acknowledging in response to any inquiry the fact that the Claim has been settled, Claimant shall not disclose or discuss, or cause or permit his/her counsel or anyone in privity with counsel to disclose or discuss, directly or indirectly, to any person, entity or representative thereof, who is not a party or an agent of a party to the Claim, any of the terms of the settlement of the Claim, any documents received in connection with the Claim and/or the facts regarding the underlying controversies and disputes; provided, however, that nothing contained herein shall preclude Claimant from complying with any lawful subpoena or court order, or any request for information or documents from any securities industry regulator or self-regulatory organization, from responding to any inquiry by or providing testimony to the United States Securities and Exchange Commission, any self-regulatory organization or any federal or state regulatory authority, or from making disclosure of the fact and amount of this settlement to lawyers, accountants, tax advisors or immediate family members as necessary.

IN WITNESS WHEREOF, the Parties have executed this Agreement to be effective as of the date of the last signature herein.

Dated: ____________________

________________________________________
Carl L. Dworman

Dated: ____________________

________________________________________
Carl L. Dworman IRA
By: ____________________________________

Dated: ____________________

________________________________________
Prudential Equity Group, LLC

By: ____________________________________

Its: ____________________________________